UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THALESE R. WHITE,<br>　　　　　　Plaintiff,<br>v.<br>SOMMER R. LARIVE,<br>　　　　　　Defendant.<br>_____/ | Case No. 24-11922<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT (ECF No. 15)

Now before the Court is Plaintiff's motion for default judgment against Defendant Larive. (ECF No. 15). On September 23, 2024, Plaintiff requested a Clerk's entry of default. Her request included an affidavit in which she stated that the complaint was served on the Defendant at an address in Tucson, Arizona. (ECF No. 11). Default was entered based on that affidavit. (ECF No. 13). Two weeks later, the summons was returned unexecuted. The returned envelope provided a new address for the Defendant. (ECF No. 14). Then, Plaintiff moved for default judgment. (ECF No. 15). In the meantime, the Court ordered another attempt at service at the new address. (ECF No. 16). Because service at the Tucson address failed, the Clerk's Office denied or rescinded the earlier entry of default. (ECF No. 18).

Default and default judgment are governed by Federal Rule of Civil Procedure 55. "When a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, any party may "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[E]ntry of default by the clerk is a prerequisite to an entry of default judgment." *Daniels v. Christoff*, 2024 WL 1470588, at *1-2 (E.D. Mich. Jan. 24, 2024) (citing *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004)).

Importantly, "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties[,]" by default or otherwise. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."). Proper service under Rule 4 is therefore a prerequisite to entry of default or default judgment. *O.J. Distrib.*, Inc., 340 F.3d at 353 (holding that, when service of process is not proper, "the court must set aside an entry of default"). It is Plaintiff's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urb. Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

The Clerk's Office denied Plaintiff's request for entry of default, so Plaintiff is not entitled to default judgment. At this point, it is unclear whether service has

2

been attempted on Defendant at the new address. Until proper service of process is completed, with proof of service filed on the docket, the Court cannot take up the question of entry of default or default judgment. The motion is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 21, 2024

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 21, 2024.

3

                                                  s/Sara Krause  
                                                  Case Manager  
                                                  (810) 341-7850